## PARKER v. STATE OF INDIANA.

### [No. 9,467. Filed February 25, 1916.]

APPEAL.—*Application for Certiorari.—Refusal of Application.*— Where defendant appealed from a judgment of conviction imposed by the juvenile court, and the judge of such court did not file his special findings until twenty-five days after judgment was rendered, thus leaving but five days to defendant in which to procure the filing of a bill of exceptions containing the evidence and to perfect his appeal as required by §1635 Burns 1914, Acts 1907 p. 221, defendant could not procure a writ of *certiorari* calling for such bill of exceptions on the filing of the transcript without same, although he made a showing that he could not know until the findings were filed that a transcript of the evidence would be necessary, since the statutory limit on the time for perfecting an appeal is jurisdictional, and the hardship resulting from such provisions is beyond the province of the court to remedy.

From Juvenile Court of Marion County (10,481a);
*Frank J. Lahr*, Judge.

Prosecution by the State of Indiana against Cecil
Parker. From a judgment of conviction, the defen-
dant appeals and applies for a writ of *certiorari*.
*Application denied*.

*Donald S. Morris*, for appellant.

*Evan B. Stotsenburg*, Attorney-General for the
State.

MORAN, J.—The question before us at this time
arises on an application for a writ of *certiorari*.
A history of the proceedings antedating the filing
of this application is necessary to an understanding
of the questions here presented. On September 8,
1915, an affidavit was filed with the clerk of the
juvenile court of Marion County, Indiana, charg-
ing the appellant with the crime of unlawfully
encouraging the delinquency of one Delilah Wells,
a girl under the age of sixteen years, pursuant to
§1648 Burns 1914, Acts 1907 p. 266. Such further
steps were taken that a trial was had in the
juvenile court of Marion County and, on October
23, 1915, appellant was found guilty by the court of
the crime charged, and in addition to a fine, he was
sentenced to the Indiana State Farm for six months.
On October 25, 1915, a motion for a new trial was
filed, and on November 2, 1915, the same was over-
ruled by the court, and, on the following day an
appeal was prayed to this court, bond filed and
approved. On November 19, 1915, the juvenile
court filed its special finding of facts, as provided by
statute (§1635 Burns 1914, Acts 1907 p. 221);
to which appellant excepted and was granted fifteen
days' time in which to prepare and file a bill of excep-
tions containing the evidence. On November 22,
1915, a transcript of all the proceedings had in the

juvenile court up to that date was filed in this court,
which transcript did not contain a bill of exceptions
containing the evidence.   On November 29, 1915, a
transcript of the evidence was filed with the trial
court, and on January 12, 1916, the same was set-
tled, signed and filed by the court, thereby becom-
ing a bill of exceptions.   To bring this bill of excep-
tions into the record, together with certain order
book entries made and corrected since the tran-
script was filed in its present form is the relief sought
by the application for a writ of certiorari.

The section of the statute (§1635 Burns 1914,
supra), authorizing an appeal to this court provides
among other things that the party appealing shall
file a transcript in the office of the clerk of the
Supreme Court within thirty days from the date of
the rendition of the judgment appealed from, and
in this connection it became the duty of the juvenile
court to certify the facts in the form of a special
finding, and in case the party appealing desired
to question the sufficiency of the evidence to warrant
the finding thus made, the evidence should have been
incorporated into a bill of exceptions filed in the
juvenile court and made a part of the record.   The
judgment of conviction was entered of record as we
have seen on October 23, 1915, and under the statute
appellant had thirty days from this date to perfect
his appeal, and with this statute in mind, he filed a
partial transcript of the proceedings, together with
an assignment of error, in the office of the clerk of the
Supreme Court, on November 22, 1915.   The bill of
exceptions containing the evidence was not on file
with the clerk of the juvenile court on this date, as
he so states in his certificate attached to the partial
transcript of the proceedings.   The application, so
far as it relates to the bill of exceptions containing
the evidence is not to send up a corrected entry,

nor to cure an infirmity in the proceedings growing out of a mistake or inadvertence on the part of the clerk or the court, or by reason of any fraud being practiced upon appellant; but to send up the entire bill of exceptions containing the evidence filed, as aforesaid, after the time had elapsed for perfecting the appeal. A writ of *certiorari* can not be made to serve this purpose. The time in which to perfect an appeal is jurisdictional. Elliott, App. Proc. §111.

The difficulty here seems to have been by reason of the lack of time in which to get the transcript of the evidence to the trial court, as the statute allows but thirty days in which to perfect an appeal in this class of cases. It is true that appellant's counsel contends that he did not know that he would desire a transcript of the evidence until the juvenile court filed its special findings of facts, which was twenty-five days after the rendition of the judgment, leaving but five days to have the transcript of the evidence prepared, settled, signed and incorporated in a bill of exceptions. We are not unmindful that in the denial of the writ, it denies appellant a right of review of his cause so far as it relates to the question that he desires to present on the evidence. Regardless of the views of the court, however, it is not within our province to remedy hardships which grew out of statutory enactments. These are matters which may with propriety be addressed to the lawmaking body of the State. All the relief that appellant asks is addressed to the bill of exceptions and the entries connected therewith. The application for a writ of *certiorari* is denied.

NOTE.—Reported in 111 N. E. 631. See 12 Cyc 802; 6 Cyc 763.