STATE EX REL. BERNARD *v.* GECKLER.

[No. 15,231. Filed April 11, 1934.]

*Horace H. Garvin,* for relator.

*L. Russell Newgent,* for respondent.

WOOD, C. J.—The relator has filed an original action in this court in which he prays the issuing of an alternative writ of mandate requiring the respondent to order and have a proper bill of exceptions containing the evidence prepared and certified in cause No. 35759, *State of Indiana* v. *Edward G. Bernard,* in the Juvenile Court of Marion County, Indiana, for use on appeal to this court, and upon hearing to make said order permanent. A temporary writ was issued out of this court returnable April 6, 1934, at ten o'clock A. M. The respondent has filed his return to said writ pursuant to the order contained therein.

Because of the conclusion which we have reached, it is not necessary to discuss or determine the question whether or not this court has jurisdiction to entertain a petition and issue a writ of mandate in an original action under such circumstances as confront us in this proceeding.

In his petition for a writ of mandate the relator alleges that the Juvenile Court of Marion County rendered judgment in cause No. 35759, on March 2, 1934. His petition for the alternative writ was not filed in this court until April 3, 1934, being thirty-two days after the judgment was rendered.

The right of the relator to appeal from the judgment of the Juvenile Court is governed by sec. 1709, Burns 1926, Acts 1907, p. 221, which provides that an appeal from a judgment of such court must be taken within

thirty days from the date of the rendition thereof. The relator contends that inasmuch as the order book entry of said judgment was not signed by the judge until March 13, 1934, that said judgment did not go into effect until said date, and that the time for taking an appeal was thereby extended thirty days from March 13, 1934. This contention is not sustained by the authorities.

In the case of *Anderson* v. *Mitchell* (1877), 58 Ind. 592, the entry of judgment was made by the clerk three years and six months after it was rendered by the court. The appellee filed a motion to dismiss the appeal for failure to perfect it within the time allowed by statute, at that time three years. The court, in sustaining this motion, said: "The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. . . . To render judgment is to return or give judgment, and it cannot be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment. In the case at bar, the court below rendered judgment on the 8th day of March, 1872; but the clerk of the court then made no written entry or record of the judgment." Our Supreme Court has followed this rule in the following cases: *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 38 N. E. 42; *Caldwell* v. *Teaney* (1927), 199 Ind. 634, 157 N. E. 51.

We realize that the denial of the writ of mandate, requiring the Judge of the Juvenile Court of Marion County to order a bill of exceptions containing the evidence to be prepared and certified as prayed may deny the relator the right to a review of questions which he might wish to present to this court on appeal which are dependent on the evidence. This is not a hardship

which we can remedy, however, but relief from such a situation must be sought through the legislature. *Parker* v. *State* (1915), 61 Ind. App. 186, 111 N. E. 631.

The time in which to perfect an appeal is jurisdictional. *Parker* v. *State, supra.* This court cannot issue a writ of mandate except in aid of its appellate jurisdiction. It follows as a necessary conclusion, that inasmuch as the time has already expired within which the relator can perfect his appeal, as the facts are presented in this cause, that this court is without jurisdiction to issue the writ of mandate as prayed for by relator.

The alternative writ of mandate is discharged, and the petition for a permanent writ is denied.