HAWKINS *v.* WHEAT ET AL.

[No. 28,066.   Filed March 14, 1945.]

*Morton S. Hawkins,* of Portland, for petitioner.

*Fenton, Steers, Beasley & Klee,* of Indianapolis, for respondents.

RICHMAN, J.—This is an original action in which the petitioner seeks to mandate a special judge to sign two bills of exceptions. Pending this petition one has been signed but the other still lacks his signature. This bill of exceptions purports to contain the evidence in a cause tried by the special judge in Jay Circuit Court in which a judgment was rendered for respondent Wheat against petitioner. The bill of exceptions is for use in an appeal from said judgment. The transcript on appeal has been tendered as an exhibit in aid of the petition for writ of mandate and except for the aforesaid lacking signature is complete, including a certificate of the Clerk and assignment of errors.

Petitioner says that a constitutional question is involved giving this court jurisdiction of the attempted

appeal. We have examined the transcript carefully and find no such question presented. The second assignment of errors which purports to raise such question reads as follows:

"The court erred in holding that the alleged judgment claimed by the appellee, Roscoe D. Wheat, which purports to be a judgment in a suit where the plaintiff died before the summons was served upon the appellant, is a valid judgment, and said holding of the court below denies to the appellant due process of law in contravention of the 14th amendment to the United States Constitution, and denied to the appellant an orderly proceeding in the alleged suit wherein there was no plaintiff and denied appellant the right of appeal therein, there being no plaintiff in said suit."

This is not a sufficient assignment of any error below. The case was a suit on a judgment against petitioner, the judgment-debtor. It had been entered in favor of one James J. Adams and the complaint alleged that it had been acquired by respondent Wheat by assignment from Adams to a receiver and from him to a second receiver who assigned it to respondent Wheat. If the original judgment was invalid because, as petitioner asserts, the original plaintiff was dead at the time that the judgment was taken and the evidence showed such invalidity the question could have been raised by an assignment in the motion for new trial that the decision was contrary to law. If the court erroneously refused to admit evidence on the subject, such alleged error was assignable in the motion for a new trial. We fail to see how any question of due process is involved in either inquiry, and since the only constitutional question alleged, either in the petition or in the assignment of errors, is one of due process, we do not have jurisdiction of the proposed appeal.

It is apparent that the writ of mandate sought herein is "in aid of the appellate powers and functions" of a court. § 3-2201, Burns' 1933. The court having jurisdiction of the appeal is the Appellate Court. The writ should have been sought in that court. There is no provision by statute for transfer from this court to the Appellate Court of an original action erroneously filed herein. Section 4-217, Burns' 1933 applies only to appeals which when erroneously filed in one court may be transferred to the other. This action must therefore be dismissed.

What we have said disposes also of petitioner's request for an extension of time in which to file a transcript on appeal. It should have been addressed to the Appellate Court. Both petitions are accordingly dismissed.

NOTE.—Reported in 59 N. E. (2d) 728.