STATE EX REL. BUIS ET AL. *v.* HENDRICKS SUPERIOR
COURT, WADE, JUDGE.

[No. 30,541.  Filed October 20, 1964.]

*Frazier & Crokin,* of Indianapolis, for relators.

*James A. Raber* and *Raber & Vandivier,* of Danville, for respondents.

MYERS, J.—Relators filed an original action in this court on June 1, 1964, in which they asked for the issuance of an alternative writ of mandate requiring the respondents to sign the necessary certificates to a transcript and bill of exceptions in order to perfect an appeal in Cause No. GDN 63-2 entitled "In the Matter of the Guardianship of Lena A. Buis, Aged and Infirm," pending in the Superior Court of Hendricks County, Indiana.

It is alleged by relators that they filed with the Clerk of the Hendricks Superior Court their praecipe

for a transcript to initiate an appeal to the Supreme Court of the denial of a petition filed by relators to terminate the Guardianship. It is stated that the appeal "is now pending" in this court under Cause No. 30,541, which is the same number given by the Clerk to this action in mandate.

It was further alleged that the respondents herein refused to sign the necessary certificates because of the relators' failure to present an appeal bond set by the court.

Petitions for extension of time to file the transcript and the assignment of errors have been filed in this court and granted, under the same number, the last extension being to and including August 22, 1964.

On June 23, 1964, we issued an alternative writ mandating the Judge and Clerk to sign the certificates, or, on failure to do so, to show cause why the writ should not be made permanent. Within the time allotted, a return was filed by the respondents. This matter now has been presented to the court for final determination.

In the first place, the petition does not meet the requirements of Supreme Court Rule 2-35. The relators have failed in their petition for writ of mandate to set out and make exhibits thereto certified copies of all material pleadings, orders and entries pertaining to the subject-matter, and it is therefore fatally defective. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §3025, page 463, Comment 5, and authorities cited.

In the second place, it is not necessary to discuss or resolve the issues which are attempted to be presented in this matter for the reason that this court has no jurisdiction to consider them. At this time there is no appeal pending in this court. While appeals are initiated by the filing of a praecipe with

the Clerk of the trial court, an appeal is said to be taken only when the transcript and assignment of errors are filed in the office of the Clerk of the Supreme Court. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §2471, page 194, Comment. The mere filing of petitions for extensions of time within which to file the transcript and assignment of errors does not constitute the taking of an appeal. This merely gives the appellant additional time within which to commence the appeal.

Appeals to the Supreme Court are regulated by statute. In §4-214, Burns' Ind. Stat., 1946 Replacement (Supp.), appeals in appealable cases which may be taken directly to this court are set forth in fifteen classifications. It is provided that appealable cases other than those mentioned therein must be taken to the Appellate Court. The attempted appeal herein apparently involves a decision rendered in a Guardianship proceeding. It is not within any of the fifteen classifications of appeals which may be taken to the Supreme Court. Therefore, the court having jurisdiction of the appeal is the Appellate Court.

The writ of mandate which is sought by relators is in aid of the appellate powers and functions of the Appellate Court rather than this court. Pursuant to statutory authority, the Appellate Court has power to issue writs of mandate and prohibition in aid of its jurisdiction. Section 3-2201, Burns' Ind. Stat., 1946 Replacement (Supp.) ; *State ex rel. Bernard* v. *Geckler* (1934), 98 Ind. App. 436, 439, 189 N. E. 842; *State ex rel. Miller* v. *Gannon* (1947), 117 Ind. App. 677, 680, 75 N. E. 2d 678. The petition for the writ should have been filed in the Appellate Court.

It is to be noted that §4-217, Burns' Ind. Stat., 1946 Replacement, provides that if a case is erroneously

*appealed* to the wrong court, that court shall make an order for its transfer to the proper court, and the *appeal* shall stand as if originally filed in the right court. This proceeding is an original action and not an appeal. There is no statutory authority for a transfer of an original action from this court to the Appellate Court. *Hawkins* v. *Wheat* (1945), 223 Ind. 239, 59 N. E. 2d 728.

The time in which an appeal must be perfected is jurisdictional. *Parker* v. *State* (1916), 61 Ind. App. 186, 111 N. E. 631; *Bernard* v. *Geckler, supra.* The time has already passed within which the relators could have perfected their appeal to the Appellate Court. The fact that this court erroneously granted extensions of time within which to file the transcript and assignment of errors is meaningless and without effect as we had no jurisdiction over the cause at any time.

The alternative writ of mandate is dissolved and the petition for a permanent writ is denied.

Achor, C.J., and Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 697.