ANAMARIA TERRY *v*. STEPHEN W. TERRY, JR.

[No. 1-273A27.  Filed October 23, 1973.]

*Charles W. Ardery, Jr., Payne, Ardery & Weiland,* of Indianapolis, *Sandra Dyson,* of Indianapolis, for appellant.

*Stephen A. Free, Ging, Free & Brand,* of Greenfield, for appellee.

PER CURIAM.—This cause is pending before the Court on the appellee's motion to dismiss appeal, which alleges that the appellant has accepted the judgment which is the subject of this appeal, and that the issues raised in this appeal have become moot.

Appellant's response is in two parts, labeled procedural and substantive. In her procedural response, appellant alleges appellee has waived his right to file a motion to dismiss because he had previously sought and obtained from this Court an extension of time within which to file his answer brief on the merits, and that at the time he sought the extension of time to file his answer brief, the matters now asserted in the motion to dismiss were known to him. In her substantive response, appellant asserts that the issues in this appeal are not moot.

Appellant's contention that appellee waived his right to file a motion to dismiss by having previously sought and obtained an extension of time within which to file his answer brief is supported by Rule AP. 14(B), and has been confirmed by many decisions under former Supreme Court Rule 2-16, which employed the same language as our present rule concerning petitions for extension of time to file appellee's brief. *Jones* v. *Castor* (1966), 140 Ind. App. 342, 344; 214 N.E.2d 180, 182; *City of Ft. Wayne* v. *Maplewood Park Util., Inc.* (1966), 143 Ind. App. 507; 213 N.E.2d

337; *Good* v. *Western Pulaski County School Corp.* (1966), 139 Ind. App. 567, 572; 210 N.E.2d 100, 103.

On the other hand, if the issues raised in this appeal are now moot, the cause must be dismissed because this Court will not decide cases in which there is no justiciable controversy, unless there is some question of general public interest involved. *Gierhart* v. *State* (1962), 243 Ind. 553, 186 N.E.2d 680 *Crosby* v. *Decatur County Community Schools* (1966), 139 Ind. App. 477, 220 N.E.2d 657; *Gardner* v. *Grills* (1961), 242 Ind. 29, 33, 175 N.E.2d 696, 697; *Cox* v. *State ex rel. Bayt* (1960), 240 Ind. 359, 361, 165 N.E.2d 140, 141; *Meadow Ridge, Inc.* v. *Jones* (1966), 138 Ind. App. 452, 214 N.E.2d 658, 659.

To place this appeal and the motion to dismiss the appeal in proper perspective, a brief recitation of its background will be helpful.

The record reveals that the parties to this appeal were the plaintiff and defendant in a certain cause of action for divorce in the Hancock Circuit Court. In its judgment in the divorce proceedings, the court granted a divorce to the plaintiff, Stephen Terry, made disposition of property, and granted custody of the minor child of the parties to the defendant, Anamaria Terry, with specified visitation rights to the father. That judgment is presently the subject of another appeal pending before this Court.

Thereafter, plaintiff-appellee filed his Petition for Contempt Citation and Supplemental Petition for Contempt Citation, alleging he had been denied his right to visitation with the minor child. After a hearing, the court entered its order on July 7, 1972, modifying the original decree as to custody, and placed the custody of the child with the plaintiff-appellee, Stephen, with reasonable visitation to defendant-appellant, Anamaria. It is this Order of July 7, 1972, which is the subject of the present appeal.

We will now examine appellee's motion to dismiss this ap-

peal and the points raised therein. Appellee's first argument is that appellant has accepted the order which is the subject of this appeal, thus terminating her right to appeal from it. Concerning this allegation, the record reveals that after the praecipe was filed initiating this appeal, appellee Stephen filed in the trial court on December 15, 1972, certain motions relating to the enforcement of the Order of July 7, 1972. Thereafter, appellant Anamaria filed responses to these motions, and also a petition for modification of the Order of July 7, 1972 (the subject of this appeal). If we correctly perceive appellee Stephen's argument, he contends that the filing of the petition for modification by Anamaria constitutes an acceptance of said order and terminates her right of appeal therefrom.

This argument is untenable. Anamaria's petition for modification of the July 7 Order is an attack on that Order, just as her present appeal is an attack on that Order, which is quite the opposite of an acceptance of the Order. Moreover, the case law does not speak of "acceptance of the judgment" as barring an appeal therefrom, but rather, it is the acceptance *of the benefits* of a judgment, or an acquiescing in the judgment sought to be appealed, which bars the right to appeal therefrom. Appellant Anamaria's attacks on the July 7, 1972 judgment cannot possibly be construed as an acceptance of the benefits of that judgment nor as an acquiescence thereto which would terminate her right to continue this appeal.

Turning now to the second part of appellee's motion, he argues that the issues sought to be raised on this appeal are now moot. Again, a further recitation of the history of this appeal will be helpful in resolving this contention. Appellant alleges as error in her motion to correct errors and in her appellant's brief in this appeal that she was denied a fair trial because the trial court changed custody of the child when the only pleadings before the court were motions for rule to

show cause; that the decision was not supported by sufficient evidence in that no evidence was offered concerning a change in circumstances, and that the decision was contrary to law in that it was made in response to motions to show cause, not in response to a petition to modify the prior judgment. Appellant's motion to correct errors was filed on September 5, 1972, overruled on November 8, 1972, praecipe filed on December 7, 1972, and this appeal followed, with the record of the proceedings filed in this Court on June 21, 1973, pursuant to order of this Court extending the time for filing the record.

After the praecipe was filed initiating this appeal, appellee Stephen filed in the trial court on December 15, 1972, certain motions relating to enforcement of the Order of July 7, 1972. Thereafter, appellant Anamaria filed responses to those motions and also a petition for modification of the Order of July 7, 1972. Further pleadings were filed, and on July 17, 1973, the parties being present in person and by counsel, trial was had before a third Special Judge on appellant's petition for modification of custody and on appellee's petition to fix visitation time. After hearing the evidence, the third Special Judge made and entered certain findings that there had been a substantial change in circumstances as to enable the court to entertain the defendant's petition for modification of custody, that it was in the best interest of the child that she be made a ward of the court to be placed in such physical custody as the court may believe to be in the best interest of the child, that the child be placed with her mother (appellant) subject to supervision of the Marion County Department of Welfare, and fixed visitation periods.

Appellee alleges the trial in the court below on July 17, 1973, constituted the relief being sought by defendant-appellant in this appeal from the modification decree of July 7, 1972, i.e., a new trial on the issue of custody of the child, thereby rendering moot the issues raised by said appeal.

An examination of appellant's motion to correct errors and appellant's brief reveals that the relief sought in this appeal is not merely a new trial on the issue of the custody of the child. Appellant seeks reversal of what she contends was an erroneous judgment; namely, a judgment which changed the custody of the child when no petition to modify custody was before the court. What was before the court, and what was tried, were the petitions for contempt citation filed by Stephen which prayed that Anamaria be ordered to appear and show cause why she should not be punished for contempt for her refusals to comply with the court's prior order of July 21, 1971. Appellant's contention in this appeal is that the second Special Judge entered a judgment which was not responsive to the issues placed before him by the petitions for contempt citation, and therefore the judgment was contrary to law and should be reversed. Therefore, the later trial before a third Special Judge on a petition to modify custody was not the same relief sought in this appeal, to-wit, reversal of an alleged erroneous judgment.

We must agree with appellant that the issue in this appeal is not the same as the issue tried before the third Special Judge, and therefore that trial does not render moot the issues presented by this appeal.

We therefore hold that appellant has not "accepted the judgment" which is the subject of this appeal, and further, that the issues raised in this appeal have not become moot. Appellee's motion to dismiss this appeal is overruled.

NOTE.—Reported at 301 N.E.2d 853.