ANAMARIA TERRY *v.* STEPHEN W. TERRY, JR.

[No. 1-273A27. Filed August 19, 1974. Rehearing denied September 13, 1974. Transfer denied November 27, 1974.]

*Charles W. Ardery, Jr., Payne, Ardery & Weiland,* of Indianapolis, *Sandra Dyson,* of Indianapolis, for appellant.

*Stephen A. Free, Ging, Free & Brand,* of Greenfield, for appellee.

LYBROOK, J.—This action commenced with the filing of plaintiff-appellee Stephen Terry's original and supplemental petitions for contempt citation alleging denial of his rights of visitation with the minor child of the parties as provided in a prior decree of divorce.

On July 7, 1972, following trial before a Special Judge in the Hancock Circuit Court, it was found that defendant-appellant Anamaria Terry was in technical contempt of court, but that the imposition of any sanctions therefor would not be in the best interests of the minor child. However, the court further found that the welfare and interests of the child would be best served by modifying the prior decree of divorce to change custody of the child to Stephen with rights of reasonable visitation to Anamaria.

In the prior decree entered July 21, 1971, the court had granted a divorce to Stephen, made disposition of property, and placed custody of the minor child in Anamaria with visitation rights to Stephen. That action was the subject of an

appeal to this court and was affirmed in *Terry* v. *Terry* (1974), 160 Ind. App. 653, 313 N.E.2d 83.

In the instant appeal, Anamaria challenges the order changing custody of the child from herself to Stephen. She contends that the order is not responsive to the issues raised in Stephen's petitions for contempt citation, and that the court's judgment is therefore contrary to law and should be reversed.

Subsequent proceedings initiated and determined during the pendency of this appeal have rendered moot the issues raised herein. It is therefore our opinion that this appeal must be dismissed.

After the praecipe was filed initiating this appeal, Stephen filed with the trial court certain motions relating to the enforcement of the July 7, 1972, order changing custody. In addition to responses to those motions, Anamaria filed a petition for modification of the order of July 7, 1972.

On July 17, 1973, following dismissal of certain of Stephen's various motions, trial was had before a Special Judge on Anamaria's petition for modification of custody and Stephen's petition to fix reasonable visitation schedule. The court found a substantial change in circumstances relative to the welfare and well-being of the minor child of the parties and determined it to be in the child's best interests that she be made a ward of the court to be placed in such physical custody as deemed by the court to be in the child's best interest. Thereupon, physical custody was placed with Anamaria, subject to supervision of the Marion County Department of Welfare. Stephen was granted visitation rights consisting of temporary physical custody from June 15 of each year until the beginning of the school year.

Anamaria, appellant herein, did not prosecute an appeal from the above judgment of July 17, 1973.

On September 5, 1973, Stephen filed a motion to dismiss the instant appeal alleging (1) that the filing by Anamaria of her petition for modification of the July 7, 1972, custody

order constituted an acceptance of that order thereby terminating her right to appeal and (2) that the trial on July 17, 1973, constituted the relief being sought by Anamaria in the instant appeal, i.e. a new trial on the issue of custody. This motion was overruled Per Curiam by this court in *Terry* v. *Terry* (1973), 158 Ind. App. 218, 301 N.E.2d 853.

Neither Stephen's motion to dismiss nor this court's opinion in response thereto specifically addressed the question of whether the trial and custody order of July 17, 1973, foreclosed the possibility of effectuating the relief sought by Anamaria in this appeal. It is upon this aspect of mootness that we base our analysis herein. However, to any extent that the opinion on Stephen's motion to dismiss may be inconsistent with the reasoning employed in the present decision, it is hereby expressly overruled.

To determine the nature of the relief sought by Anamaria in this appeal, we have directed our attention to her Motion to Correct Errors. Therein, she does not challenge the trial court's finding of contempt. Rather, the motion questions the court's power to order a change of custody in that proceeding. Clearly, the relief sought is directed to the question of custody. However, reversal of the July 7, 1972, order could not affect the subsequent order of July 17, 1973. In her reply brief, Anamaria admits that the later order is based upon "different and subsequent circumstances," occurring after July 7, 1972.

In opposition to a determination of mootness, Anamaria argues that Stephen is appealing the order of July 17, 1973, and that should that order be reversed, the order challenged herein would be reinstated until further hearing. However, the records of this court reveal that after this case was fully briefed, and after the motion to dismiss was denied, Stephen's appeal was dismissed pursuant to Ind. Rules of Procedure, Appellate Rule 3, for failure to file a record of the proceedings. Thus the judgment of July 17, 1973, has now become final

and completely supersedes the order from which Anamaria appeals.

Further arguing against mootness, Anamaria directs our attention to an alleged misunderstanding which has arisen with respect to the support provisions of the original decree of divorce. We note, however, that the order of July 17, 1973, expressly reinstated the support provisions of the divorce decree. Since a determination on the merits of this appeal could not affect the 1973 order, we can only conclude that the above contention lacks relevance.

Subject to the limited exception of cases involving a question of general public interest, an appeal in which the issues have become moot will be dismissed for want of a justiciable controversy. See, *Gardner* v. *Grills* (1961), 242 Ind. 29, 175 N.E.2d 696; *Meadow Ridge, Inc.* v. *Jones* (1966), 138 Ind. App. 452, 214 N.E.2d 658.

In our opinion, the issues presented in the instant appeal have become moot. The order appealed from has been completely superseded by the order of July 17, 1973. A determination on the merits of this appeal could have absolutely no effect on that subsequent order. Anamaria would receive no relief whatsoever by the reversal which she seeks in this appeal.

Further, we are not convinced that the instant case involves a question of general public interest sufficient to justify an opinion on the merits. Compare, *State ex rel.* v. *Morgan Superior Court, Littell, Judge* (1967), 249 Ind. 220, 231 N.E. 2d 516.

This appeal must therefore be dismissed.

Appeal dismissed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 315 N.E.2d 379.