Robert Henry McVEA

v.

STATE of Indiana.

No. 2–379A62.

Court of Appeals of Indiana,
Second District.

Oct. 25, 1979.

Aaron E. Haith, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., for appellee.

SHIELDS, Judge.

Defendant-appellant Henry McVea appeals his conviction of Involuntary Manslaughter. We, however, *sua sponte* dismiss this appeal.[1]

Based upon the representations in the petition filed by his appellate counsel, this Court granted McVea permission to file a belated appeal, Indiana Rules of Procedure, Post-Conviction Rule 2 § 2. The certified record before this Court, however, indicates certain representations in this petition are at best inaccurate.[2] We hold permission to file a belated appeal, pursuant to P.C.R. 2, § 2, granted under such circumstances does not justify consideration of the merits of this appeal.[3]

The petition for permission to file a belated appeal was filed on March 12, 1979 and alleged *inter alia*: McVea was sentenced on August 14, 1978; McVea's motion to correct errors was filed and overruled on August 14, 1978; a petition for permission to file a belated motion to correct errors[4] was filed with the trial court, which motion was granted on October 31, 1978; the praecipe was filed on November 6, 1978; the record was timely filed with this Court on

1. We dismiss this appeal without prejudice to McVea's right to repetition this Court for permission to file a belated appeal.

2. Inaccuracies to the extent they appear in this record cannot be ignored. Thus, this case will be referred to the Supreme Court Disciplinary Commission for their determination as to whether or not probable cause exists to believe there has been professional misconduct warranting disciplinary action.

3. *Cf. State v. Innkeepers of New Castle, Inc.,* (1979) 271 Ind. 286, 392 N.E.2d 459; *State ex*

*rel. Buis v. Hendricks Superior Court,* (1964) 246 Ind. 1, 201 N.E.2d 697; *Dawson et al. v. Wright et al.,* (1955) 234 Ind. 626, 129 N.E.2d 796 (when Appellant Court's jurisdiction has not otherwise been timely invoked, extensions of time granted in error do not confer jurisdiction).

4. The petition before this Court incorrectly denominated the petition for permission to file a belated motion to correct errors as a petition for permission to file a belated appeal.

January 24, 1979; that counsel erred in calculating the time the brief was due resulting in the appellant brief being filed with this Court one day beyond the time allowed. Upon the strength of these allegations, this Court granted permission to file a belated appeal on March 19, 1979.

The record was refiled with this Court on March 23, 1979 along with the appellant briefs. The record before this Court contains no entries indicating either the filing of a petition for permission to file a belated motion to correct errors or the trial court's granting thereof.[5] The record does contain what purports to be a certified copy of the belated motion to correct errors; however, this purported motion is merely a photocopy of the original motion to correct errors, signed by McVea's trial counsel and file stamped August 14, 1978. There are no entries, however, indicating the filing of a belated motion to correct errors or the trial court's ruling thereon. Moreover, none of the records indicate an appellant brief was filed at any time before March 23, 1978.

█ In granting permission to file a belated appeal, this Court relies upon the averments in the petition. Based upon

McVea's petition, this Court assumed the appeal was proper and timely with the exception of the appellant brief being filed one day late. In determining the timeliness of McVea's appeal from the petition, however, our computations were based upon the proper filing and overruling of a belated motion to correct errors on October 31, 1978.[6] Based upon this date, the praecipe, filed on November 6, 1978, and the record, filed with this Court on January 21, 1979, were timely filed.[7] The record before this Court, however, reveals the time limitations of C.R. 19 commenced to run after the trial court's ruling on McVea's original motion to correct errors on August 14, 1978 and, therefore, the praecipe and the record were not timely filed, as the petition alleged.

The timely filing of the record is generally held jurisdictional. *State v. Innkeepers of New Castle, Inc., supra.*[8] Thus, our jurisdiction was not timely invoked as this Court assumed when permission to file a belated appeal was granted. Moreover, our grant of permission to file a belated appeal did not confer jurisdiction because such grant was based upon erroneous information in the petition therefor.

---

5. The record does contain a motion filed with the trial court by appellate counsel on November 6, 1978 for preliminary attorney fees. In this motion counsel alleges, "said attorney has petitioned the Indiana Court of Appeals for and received permission to file a belated appeal." This Court did not receive a petition for permission to file a belated appeal until March 12, 1979.

Moreover, the failure to include such entries in the record, if indeed such motions and ruling were ever made, does not appear to be the result of counsel's oversight; for, the "Statement of the Case" section of the appellant brief contains a citation to the record for all rulings, motions, etc. except the petition for permission to file a motion to correct errors and the trial court's ruling.

6. Although the petition before this Court revealed the permission to file a belated motion to correct errors was not granted until October 31, 1978, there was no indication as to when the petition for permission to do such was filed. Since the petition before this Court further revealed that a motion to correct errors had previously been filed and overruled on August 14, 1978, the petition on its face indicates the trial

court had not authority to grant permission to file a belated motion to correct errors; for, pursuant to P.C.R. 2, § 1, the trial court cannot grant permission to file a belated motion to correct errors when a timely and adequate motion to correct errors has previously been filed. We could not, however, presume from the face of the petition before this Court, the trial court was without authority to grant permission to file a belated motion to correct errors because it was possible the original motion to correct errors was not adequate.

7. Pursuant to P.C.R. 2, § 1, when the trial court grants permission to file a belated motion to correct errors, "the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period." Hence, when permission to file a belated motion to correct errors is properly granted, the time limits for filing the praecipe and record, pursuant to Indiana Rules of Procedure, Criminal Rule 19, commence to run after the trial court's ruling on the belated motion to correct errors.

8. Compare, *Goodwill v. Goodwill,* (1978) 178 Ind.App. 372, 382 N.E.2d 720, 721, footnote 1.

We dismiss this cause for lack of jurisdiction.

BUCHANAN, C.J., and SULLIVAN, J., concur.