Edward H. KOORS, et al.,
Appellant (Plaintiff),

v.

GREAT SOUTHWEST FIRE
INSURANCE COMPANY,
Appellee (Defendant).

Donald E. HEDRICK, et al.,
Appellant (Defendant),

v.

Edward H. KOORS, et al.,
Appellee (Plaintiff).

No. 29A02–8708–CV–00315.

Court of Appeals of Indiana,
Second District.

Dec. 1, 1988.

---

Michael J. Tosick, Free, Brand, Tosick & Allen, Greenfield, for Edward H. Koors, et al.

Vance Hartke, Hartke & Hartke, Falls Church, Va., for Donald E. Hedrick, et al.

Robert W. Geddes, Michael E. Simmons, Hume, Smith, Geddes & Green, Indianapolis, for Great Southwest Fire Ins. Co.

BUCHANAN, Judge.

## CASE SUMMARY

This is a consolidated appeal arising from an action brought by a class of investors, Edward H. Koors, et al. (Investors), against certain directors and officers of Brown County Ski Mountain Resort (the Resort) to recover their investment, based on allegations that the sale of the securities of the Resort was in violation of the Indiana Securities Act. The trial court granted summary judgment in favor of the Investors and against Donald E. Hedrick (Hedrick), awarding $584,448.82 in damages. The Investors then sought recovery of the judgment through proceedings supplemental against Great Southwest Fire Insurance Company (the Garnishee). The trial court entered judgment in favor of the Garnishee.

We reverse.

## FACTS

Hedrick served as an officer and director of the Resort, an Indiana corporation, from the time of its incorporation in June of 1979. As a means of financing the Resort, several investment notes were sold to individuals. Unfortunately, the Resort experienced financial difficulties and was unable to meet its obligations on the investment notes. The Investors filed a class action suit on January 9, 1985, claiming the investment notes were sold in violation of the Indiana Securities Act.

The procedural setting in this case is vital to our resolution and requires some elaboration. On March 12, 1985, the trial court conducted a hearing on the Investors' request for class certification. While the Investors were present and represented by counsel, Hedrick and the other named defendants failed to appear. On March 27, 1985, the trial court certified the cause as a class action pursuant to Ind. Rules of Procedure, Trial Rule 23. On April 4, 1985, Gregory F. Hahn (Hahn), a defendant, moved to set aside the class certification, claiming that no defense counsel of record received notice of the class certification hearing. The trial court denied Hahn's motion the following day. On April 9, 1985, Hedrick moved to set aside the class certification, also claiming lack of notice of the hearing. The trial court denied Hedrick's motion on November 6, 1985.

The Investors moved for summary judgment on May 1, 1985, and asserted additional grounds for summary judgment on July 12, 1985. Hedrick and James Haley (Haley), a defendant, failed to appear for the August 14, 1985, hearing on the summary judgment motion. The trial court eventually set aside its entry of summary judgment in favor of the Investors, apparently due to lack of notice to Hedrick and Haley.

The hearing on the summary judgment motion was reset for October 23, 1985. Due to scheduling conflicts of the court and counsel for the plaintiffs and defendants, the hearing on the summary judgment motion was continued on six occasions. Hedrick's counsel, John S. Pearce (Pearce) and John R. Price (Price), requested a continuance on three of the six occasions. The final continuance granted was requested by Hedrick's counsel on February 6, 1986, due to a conflict in schedule.

Pearce and Price perceived a potential conflict of interest because they knew the corporate attorney who had been hired to secure approval of the sale of the invest-

ment notes from the Indiana Securities Commissioner. Therefore, on February 24, 1986, Pearce moved for leave to withdraw his appearance as Hedrick's attorney. That same day, the trial court granted Pearce's motion. The following week, Price also requested leave to withdraw his appearance as Hedrick's attorney. The trial court approved Price's withdrawal on Friday, March 7, 1986. Nothing in the record shows that Hedrick was aware of the potential conflict of interest.

On Tuesday, March 11, 1986, the law firm of Hartke & Hartke (Hartke) of Falls Church, Virginia, contacted the court administrator by telephone, requesting the court to enter its appearance for Hedrick [1] and requesting a continuance of the hearing scheduled for March 12, 1986. Hartke claims the requests were made with the court administrator because the trial judge was occupied with other business. On the morning of the hearing, Hartke again telephone the trial court to further the continuance request and was advised that the request was denied.

The summary judgment hearing was held and conducted without the presence of Hedrick or his counsel. Haley's attorney, by oral communications and by written motion, formally entered Hartke's appearance for Hedrick at the hearing. Hartke mailed a written request for a continuance, confirming his telephone request, which was received by the trial court two days after the summary judgment hearing. Hartke claimed that he had obtained the consent, from both the Investors' counsel and Haley's counsel, to the continuance. This allegation of fact, however, is disputed by the Investors. Hartke claimed the need for a continuance because he had not had sufficient time to become familiar with the case and needed more time to prepare for argument on the summary judgment motion. Hartke further claimed that it was physically impossible for him to appear at the hearing on March 12 on short notice because the firm's office was located in Virgi-

nia. On April 29, 1986, the trial court entered summary judgment in favor of the Investors.

## ISSUES

Ten issues are presented by the parties in this consolidated appeal. Our resolution, however, necessitates review of only the following two issues:

1. Did the trial court err in certifying the class when Hedrick claimed lack of notice of the hearing on the class certification?

2. Did the trial court abuse its discretion in denying Hedrick's request for a continuance?

## DECISION

■ ISSUE ONE—Did the trial court err in certifying the class when Hedrick claimed lack of notice of the hearing on the class certification?

PARTIES' CONTENTIONS—Hedrick contends that the trial court arbitrarily denied the motion to set aside the class certification because the trial judge allegedly ignored the minimum standards of notice to the defense counsel.

Koors replies that Hedrick failed to offer any proof of his lack of notice or that he was prejudiced.

CONCLUSION—We are compelled to dismiss the appeal on the class certification issue because the appeal of that issue was not timely.

Certification of a class action is a final and appealable order. *Gulf Oil Corp. v. McManus* (1977), 173 Ind.App. 147, 363 N.E.2d 223; *see also* T.R. 59(C) advisory committee note; 2 *W. Harvey, Indiana Practice* § 23.5, at 296–97 (1987). The trial court certified the class by order on March 27, 1985. On November 6, 1985, the trial court denied Hedrick's motion to set aside the class certification. Almost a year later, on October 16, 1986, Hedrick filed a peti-

---

1. We presume that Mr. Hartke, although maintaining an office in Virginia, was duly admitted to practice law in Indiana and is a member of the Indiana Bar in good standing. The record does not reflect otherwise, nor do the parties challenge Mr. Hartke's standing to act as counsel for Hedrick.

tion for extension of time to file the record of proceedings. Hedrick was required to file his petition to extend the time to file the record before the expiration of time in which the record was to be filed with this court. *See* Ind. Rules of Procedure, Appellate Rule 14(A). Any extension of time granted by this court in error is meaningless and cannot confer jurisdiction. *State v. Innkeepers of New Castle, Inc.* (1979), 271 Ind. 286, 392 N.E.2d 459; *State ex rel. Buis v. Hendricks Superior Court* (1964), 246 Ind. 1, 201 N.E.2d 697; *McVea v. State* (1979), 182 Ind.App. 563, 471 N.E.2d 1. The appellate time clock had long since stopped ticking before Hedrick filed his petition for extension of time to file the record. Therefore, the appeal of this issue must be dismissed. *See Terry v. Terry* (1974), 161 Ind.App. 293, 315 N.E.2d 379, *trans. denied; Wadkins v. Thornton* (1972), 151 Ind.App. 380, 279 N.E.2d 849.

■ ISSUE TWO—Did the trial court abuse its discretion in denying Hedrick's request for a continuance?

PARTIES' CONTENTIONS—Hedrick claims that the denial of a request for a continuance was arbitrary and prejudicial because his new counsel only had three days to prepare for a complicated hearing.

Koors responds that the trial court properly denied the continuance request.

CONCLUSION—We are forced to conclude that the trial court abused its discretion in refusing to grant a continuance for the hearing held on March 12, 1986.

While the granting or denial of a continuance is clearly a matter within the discretion of the trial court, if good cause is shown, denial of a motion for continuance will be deemed to be an abuse of discretion. *Plan-Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212; *see also* T.R. 53.5. The unexpected withdrawal of counsel, untimely though it may be, does not necessarily entitle a party to a continuance when it is not shown that counsel thereafter employed was unable to prepare and conduct a proper case. 17 Am.Jur.2d *Continuance* § 13 (1964); Annot., 48 A.L.R.2d 1155 (1956). Under some circumstances, however, denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. 17 Am.Jur.2d, *supra;* Annot., 48 A.L.R.2d at § 5.

Through no apparent fault of Hedrick, his prior counsel recognized a potential conflict of interest, necessitating their removal from the case. On Friday, the trial court approved the withdrawal of Hedrick's counsel. There is nothing in the record to show that Hedrick was aware or could foresee the potential conflict of interest. So, apparently over the weekend, Hedrick secured Hartke to represent him. On the following Monday, Hartke made several phone calls to the other attorneys of record to obtain their consent to a continuance. The next day, Tuesday, Hartke contacted the court administrator to enter an appearance and to request a continuance of the hearing. From Virginia, Hartke again telephoned the trial court on Wednesday morning to further his attempts to obtain a continuance. He was then informed his request for the continuance was denied. The trial court proceeded with the hearing on that day without the presence of Hedrick or his counsel.

By denying the continuance, the trial court was in effect forcing Hartke to review and digest from Virginia, over a period of less than three days, the numerous pleadings, motions, memoranda, depositions and answers to interrogatories which had been filed in a complicated case over a year's time. The trial court specifically approved the withdrawal of Hedrick's counsel only a few days before the important hearing on the motion for summary judgment. Hedrick promptly obtained new counsel. While the trial court understandably may have been vexed by the numerous continuances of the hearing, the result of the denial of Hartke's motion for a continuance was to deprive Hedrick of representation at a crucial stage of the proceedings. Hartke was not only unable to prepare for the hearing, but might well have found it impossible to be physically present on such short notice. He did telephone his request for a continuance on two occasions prior to

the hearing and filed a written motion for a continuance. A continuance should have been granted, even if only for a short period of time. A postponement of the hearing was not so prejudicial to the Investors to justify denying Hedrick his day in court. *See Ashbrook v. Ashbrook* (1977), 174 Ind. App. 134, 366 N.E.2d 667, *trans. denied; accord Illinois Bankers Life Ass'n v. Theodore* (1936), 47 Ariz. 314, 55 P.2d 806; *Finch v. Wallberg Dredging Co.* (1955), 76 Idaho 246, 281 P.2d 136.

We reverse and remand for further proceedings consistent herewith.

SHIELDS and GARRARD, P.JJ., concur.