**GENERAL MOTORS CORPORATION, Central Soya Company, Inc., Office of Utility Consumer Counselor and Citizens Action Coalition of Indiana, Inc., Appellants,**

v.

**INDIANAPOLIS POWER & LIGHT COMPANY, Appellee.**

No. 93A02–9309–EX–489.

Court of Appeals of Indiana.

June 30, 1995.

Michael A. Mullett, Indianapolis, for Citizens Action Coalition of Indiana, Inc.

John F. Wickes, Jr., Todd A. Richardson, Lewis & Kappes, Indianapolis, for General Motors Corp. & Central Soya Company, Inc.

Colleen F. McNenny, Thomas B. Nicholson, Rita J. Baldwin, Indianapolis, for Office of Utility Consumer Counselor.

Marcus E. Woods, Christopher J. Weber, Richard E. Deer, Michael G. Banta, Teresa E. Morton, Barnes & Thornburg, Indianapolis, for appellee.

G. Daniel Kelley, Jr., Edward P. Steegmann, Ice Miller Donadio & Ryan, Indianapolis, amicus curiae.

## OPINION AND ORDER ON MOTION TO DISMISS

SHARPNACK, Chief Judge.

Indianapolis Power and Light Company ("IPL") has moved to dismiss the appeal by General Motors Corporation, Central Soya Company, Inc., the Office of Utility Consumer Counselor, and Citizens Action Coalition of Indiana, Inc. of the order of the Indiana Utility Regulatory Commission. The order approved IPL's environmental compliance plan submitted in fulfillment of the requirements of the Environmental Compliance Plans Act, Ind.Code § 8–1–27–1 *et seq.* We dismiss IPL's motion to dismiss.

■ On July 6, 1994, IPL filed with this court its verified petition for extension of time to file brief of appellee ("Petition"), in which IPL stated that "[a]ll motions to dismiss and all dilatory motions, if any, have been filed." Petition, p. 4. Under Ind.Appellate Rule 14(B)(4), "[w]hen a petition for an extension of time is filed by the appellee, the petition shall show that all motions to dismiss and all dilatory motions on behalf of the petitioner have been filed." App.R. 14(B)(4). Thus, by seeking and obtaining an extension of time within which to file an answer brief, an appellee waives his right to file a motion to dismiss the appeal. *Terry v. Terry* (1973), 158 Ind.App. 218, 301 N.E.2d 853, 854; *see also Hudson v. Tyson* (1980), Ind.App., 404 N.E.2d 636 (by requesting extension of time, appellee waived consideration of any procedural errors not alleged in the motion to dismiss already filed) and *Maxwell v. Hahn* (1987), Ind.App., 508 N.E.2d 555 (by requesting extension of time, appellee waived any technical defect or omission in trial record), *reh'g denied, trans. denied.*

■ By filing for an extension of time in which to file its brief, IPL has waived its right to file a motion to dismiss the appeal. IPL acknowledges in its verified motion to dismiss appeal that the Petition stated that all motions to dismiss had been filed. IPL contends, however, that the facts and circumstances upon which its motion to dismiss is based did not exist at the time the Petition was filed, were not then known to IPL or its counsel, and subsequently have arisen. Appellate Rule 14 contains no such exception, and IPL has presented us with no authority to show that such an exception has been created. IPL's motion to dismiss the appeal therefore must be dismissed.

■ We note that IPL's motion to dismiss the appeal is based upon the theory that the appellants have waived their right to appeal in the instant case by voluntarily recognizing in another proceeding the validity of the order at issue here, thus taking a position inconsistent with its invalidity. The other proceeding, in which IPL was also a party, was the subject of a hearing held on February 16, 1995, more than three months prior to IPL's filing of its motion to dismiss the present appeal on May 18, 1995. Supplemental Record, p. 38. We can only speculate as to why IPL delayed raising the facts and circumstances asserted in its motion to dismiss until the eleventh hour prior to oral argument in this case, which was held on May 26, 1995. IPL's motion to dismiss appears to us to be dilatory, and on that additional basis the right to its submission has been waived under App.R. 14(B)(4).

DISMISSED.

DARDEN and CHEZEM, JJ., concur.