

# IN THE
# Court of Appeals of Indiana

**Elite Home Solutions, LLC,**

*Appellant-Plaintiff*



FILED
Jun 13 2025, 9:18 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

**Home at Last, LLC,**

*Appellee-Defendant*

---

June 13, 2025

Court of Appeals Case No.
25A-PL-242

Appeal from the Hamilton Superior Court

The Honorable David K. Najjar, Judge

Trial Court Cause No.
29D05-2209-PL-6999

---

**Opinion by Judge Mathias**
Judges May and Bradford concur.

**Mathias, Judge.**

[1] Elite Home Solutions, LLC appeals the trial court's judgment for Home at Last, LLC following a bench trial. Elite Home Solutions raises two issues for our review, and Home at Last raises two issues on cross-appeal. We consolidate those four issues into the following two dispositive issues:

> 1. Whether Elite Home Solutions forfeited its right to prosecute this appeal when it accepted Home at Last's payment of the judgment amount.

> 2. Whether the trial court's judgment is clearly erroneous.

[2] We affirm.

## Facts and Procedural History

[3] Elite Home Solutions is an Indiana limited liability company with Randy Langley as its sole member. Home at Last is an Indiana limited liability company with Julie Lutes as its sole member. At all relevant times, Langley was acting on behalf of Elite Home Solutions and Lutes was acting on behalf of Home at Last.

[4] In March 2022, Lutes contacted Langley about "flipping" certain real property on Walnut Street in Noblesville owned by Home at Last. Tr. Vol. 2, p. 12. The parties entered into an oral agreement under which Home at Last would provide the property and financing, Elite Home Solutions would provide the labor and material to improve the house on the property, and the parties would

then "split the profit" from the sale of the property. *Id.* In particular, Langley requested that the parties split the profit "50-50," in exchange for which he would not charge Home at Last for his mark-up on labor and materials. *Id.* at 45. Lutes agreed.

[5] Beyond those broad terms, however, the parties' relationship was undefined. Among other issues that arose between the parties, Langley thought it was Lutes's responsibility to bring materials to the site for Langley to work efficiently, while Lutes thought it was Langley's responsibility to obtain the materials he needed for accuracy. Eventually, Lutes told Langley that she did not intend to pay Elite Home Solutions its 50% of any profits. In response, Elite Home Solutions issued an invoice to Home at Last for $27,200 for labor and materials provided. Elite Home Solutions also placed a mechanic's lien on the property.

[6] Elite Home Solutions then filed its complaint against Home at Last for breach of contract and to foreclose on its mechanic's lien. Home at Last filed a counterclaim for breach of fiduciary duty. Meanwhile, Home at Last sold the property with certain funds placed into escrow pending the resolution of the mechanic's lien.

[7] The court held a bench trial at which both Langley and Lutes testified. Thereafter, the court found and concluded in relevant part that: (1) the parties had entered into a partnership with the intent to share the profits from the sale of the property 50-50; (2) the existence of the partnership nullified the right of

one of the partners (Elite Home Solutions) to file a mechanic's lien to the detriment of the other partner (Home at Last); and (3) Home at Last owed Elite Home Solutions 50% of the profits from the sale of the property, which came to $3,602.74. Home at Last deposited that amount with the trial court clerk, and Elite Home Solutions accepted it.

[8] This appeal ensued.

## 1. This appeal is properly before us.

[9] We initially consider Home at Last's argument on cross-appeal that we should dismiss this appeal because Elite Home Solutions accepted the $3,602.74 tendered by Home at Last to the trial court clerk in accordance with the judgment. Indiana Code section 34-56-1-2 (2024) states that a party "obtaining a judgment shall not take an appeal after receiving any money paid or collected on a judgment." Our Supreme Court has held that that statute is a codification of the common law, and, under the common law, a party cannot simultaneously accept the benefits of a judgment while also asserting the judgment to be erroneous. *Ind. & Mich. Elec. Co. v. Louck*, 243 Ind. 17, 21-22, 181 N.E.2d 855, 856-57 (1962).

[10] However, we have explained that, where there is "no inconsistency in the position taken" by the appellant, that rule "is not applicable." *R&R Real Estate Co. v. C&N Armstrong Farms, Ltd.*, 854 N.E.2d 365, 369 (Ind. Ct. App. 2006). Thus, "[a]n acceptance of an amount to which the acceptee is entitled in any event," as determined by the appellant's issues in its brief on appeal, "does not

estop him from appealing or claiming error in the judgment[] since there is no inconsistency in such a position." *Id.*

[11] Home at Last's argument under Indiana Code section 34-56-1-2 cites no authority in which the appellant's argument on appeal was that the trial court's monetary judgment for the appellant was insufficiently low. *See Williams v. Richards*, 152 Ind. 528, 53 N.E. 765, 765-66 (1899) (dismissing appeal where partners to a partnership accepted the proceeds of the dissolution of that partnership but sought to argue on appeal that the dissolution of the partnership was in error); *Terry v. Terry*, 158 Ind. App. 218, 221, 301 N.E.2d 853, 855 (1973) (holding that the appellant was not estopped from challenging the judgment on appeal even though the appellant had also filed a motion to modify the trial court's judgment in the trial court); *Conaway v. Conaway*, 134 Ind. App. 429, 430-31, 188 N.E.2d 846, 847 (1963) (dismissing appellant without discussion after stating that he had accepted the benefits of the judgment); *Wyncoop v. Laughner*, 106 Ind. App. 457, 19 N.E.2d 486, 487 (1939) (dismissing appeal after appellant had accepted the tendered judgment amount and raised no other issues on appeal).

[12] However, we have previously considered whether Indiana Code section 34-56-1-2 requires dismissing an appeal where the appellant has accepted a judgment amount while arguing on appeal that the judgment amount was insufficiently low, and we held that dismissal under the statute was improper. In particular, in *R&R Real Estate*, the appellant accepted a net judgment amount of about $10,000 but argued on appeal that the amount was erroneous because the

appellant was actually "entitled to more." 854 N.E.2d at 370. The appellee moved to dismiss the appeal, but we declined, noting that "reversal of the judgment based on [the appellant's arguments] on appeal would not result in [the appellant] receiving any less." *Id.* And, in support of our position, we quoted from our Supreme Court that, under the common law rule, dismissal is not appropriate "where [the] appeal is to establish [the appellant's] claim *to something additional or to a greater amount.*" *Id.* at 369 (quoting *Louck*, 181 N.E.2d at 856-57) (emphasis added).

So too here. Elite Home Solutions argues on appeal that the trial court's judgment is in error because Elite Home Solutions was in fact entitled to more than $50,000 in damages. Thus, there is no inconsistency in Elite Home Solutions accepting the $3,602.74; a reversal for Elite Home Solutions "would not result in [the appellant] receiving any less." *Id.* at 370. We therefore conclude that this appeal is properly before us.

## 2. The trial court's judgment is not clearly erroneous.

We next turn to the parties' various arguments that the trial court's judgment is clearly erroneous. Where, as here, the trial court enters findings of fact and conclusions thereon following a bench trial:

> We may not set aside the findings or judgment unless they are clearly erroneous. In our review, we first consider whether the evidence supports the factual findings. Second, we consider whether the findings support the judgment. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly

erroneous if it relies on an incorrect legal standard. We give due regard to the trial court's ability to assess the credibility of witnesses. While we defer substantially to findings of fact, we do not defer to conclusions of law. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment.

*State v. Int'l Bus. Machs. Corp.*, 51 N.E.3d 150, 158 (Ind. 2016) (citations and quotation marks omitted).

[15]    Elite Home Solutions first argues that the trial court erred when it found that it and Home at Last had entered into a partnership. As we have explained:

A partnership is defined as "an association of two (2) or more persons to carry on as co-owners a business for profit . . . ." I.C. § 23-4-1-6. The elements essential to the creation of a partnership are (1) a voluntary contract of association for the purpose of sharing profits and losses which may arise from the use of capital, labor, or skill in a common enterprise, and (2) an intention on the part of the principals to form a partnership for that purpose. *Curves for Women Angola v. Flying Cat, LLC*, 983 N.E.2d 629, 632-33 (Ind. Ct. App. 2013) ("For a partnership to exist, the parties must have joined together to carry on a trade or venture for their common benefit, each contributing property or services, and having a community of interest in the profits.").

The legal existence of a partnership may be shown by either an express or implied contract of the parties. *E.g.*, *Hansford v. Maplewood Station Bus. Park*, 621 N.E.2d 347, 350 (Ind. Ct. App. 1993). It is the substance, and not the name, of the arrangement between the parties that determines their legal relationship toward each other as partners. *Watson v. Watson*, 231 Ind. 385, 108 N.E.2d 893, 895 (1952). "[T]he intention to form a partnership must be determined by examining all the facts of the

case, and the conduct of the parties reveals their true intentions and the construction they placed upon their own agreement." *Curves for Women*, 983 N.E.2d at 633; *see also Moynahan Const. Co. v. Mohler*, 225 Ind. 379, 75 N.E.2d 540, 542 (1947) (stating that parties who agree to do that which in law creates a partnership are partners, notwithstanding their declaration that they are not forming a partnership).

Where a person is to share in the profits of a business, that is evidence that the person is a partner in the business. *Soley v. VanKeppel*, 656 N.E.2d 508, 512 (Ind. Ct. App. 1995). That is true regardless of whether the person actually receives any profits, *id.*, and it is not necessary to show a correlating agreement to share losses, *Hansford*, 621 N.E.2d at 350. A partnership may be formed by the furnishing of capital by one or more of the partners and the furnishing of labor and skill by others. *Watson* at 392, 108 N.E.2d 893. A "lack of daily involvement by one partner is not per se indicative of the absence of a partnership." *Johnson v. Wiley*, 613 N.E.2d 446, 451 (Ind. Ct. App. 1993).

*Wolfe v. Agro*, 163 N.E.3d 913, 922-23 (Ind. Ct. App. 2021) (alteration original to *Wolfe*), *trans. denied*.

[16] Elite Home Solutions argues that the trial court's finding that a partnership existed is clearly erroneous because Lutes was not present at the job site every day, and, after the parties had ceased working well together, Home at Last took several unilateral actions to dispose of the property and declined to pay Elite Home Solutions its share of the profits. But none of those facts speak to the parties' intentions at the outset of their relationship. The facts at the outset of their relationship demonstrate that both parties expressly agreed to flip a house

for profit, with Home at Last providing the property and financing, Elite Home Solutions providing the labor and materials, and the parties sharing equally in the profits. That is sufficient evidence from which the trial court could have found the existence of a partnership between the parties, and Elite Home Solutions' argument to the contrary on appeal is simply a request for this Court to reweigh the evidence, which we will not do.

[17] Elite Home Solutions also argues that the trial court erred when it denied Elite Home Solutions' request to foreclose on its mechanic's lien. Indiana Code section 32-28-3-1 provides that a "contractor" or the like "performing labor or furnishing materials" for the improvement of real property may have a lien on that property to the extent of the value of any labor done or material furnished. But we agree with the trial court that Elite Home Solutions was not a contractor or the like to Home at Last; they were partners. Therefore, the services provided by Elite Home Solutions were not in the nature of a contractual relationship with Home at Last. Rather, the services provided were done with the aim of sharing in the profits of the sale of the property. The trial court therefore properly denied Elite Home Solutions' request to foreclose on the mechanic's lien.

[18] Finally, Home at Last argues on cross-appeal that the trial court clearly erred when it found both that Lutes "would not be available to complete services on site for the project" after accepting other employment and also that Lutes had informed Langley that Home at Last would not pay Elite Home Solutions its share of the profits. Appellee's Br. at 11-12. Both of those findings are

supported by Langley's testimony. *See* Tr. Vol. 2, pp. 14-15, 17. There is therefore no error in those findings.

## Conclusion

[19] For all of these reasons, we affirm the trial court's judgment.

[20] Affirmed.

May, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Jeffrey O. Meunier
Carmel, Indiana

ATTORNEY FOR APPELLEE

Jack G. Hittle
Church Church Hittle + Antrim
Noblesville, Indiana