# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JONATHAN A. WATSON**
Wandling & Associates
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| F.M., Mother, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1206-JP-291 |
| | ) | |
| N.B., Father, | ) | |
| | ) | |
| Appellee. | ) | |

### APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-1001-JP-12

**November 8, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

F.M. ("Mother") appeals the trial court's order modifying custody of C.B. to N.B. ("Father"). Mother raises one issue, which we revise and restate as whether the trial court abused its discretion in denying Mother's motion to continue and in granting her counsel's motion to withdraw appearance. We reverse and remand.

The relevant facts follow. C.B., born on April 8, 2009, is the child of Mother and Father, who are both of Kenyan heritage. In an April 2010 order, the court established the paternity of Father, granted Mother physical custody of C.B., required Father to pay child support, recognized that Mother and C.B. were residents of the State of Minnesota, and allowed Father parenting time. Father owned a home in South Bend, Indiana. In August 2010, the court entered an order related to transporting C.B. between the parties for parenting time in response to contempt allegations filed by Father.[1] In May 2011, Father filed a Rule to Show Cause against Mother.[2]

On July 26, 2011, Father filed a Verified Petition to Modify Custody, Parenting Time and Child Support, in which Father requested primary physical custody of C.B., an appropriate parenting time order for Mother, a modification of child support, and an award of reasonable attorney's fees and further alleged that Mother had intentionally and willfully refused to follow the court's August 2010 order regarding parenting time.

On August 22, 2011, attorney Mario Zappia filed an appearance as Mother's counsel.[3] The court's chronological case summary ("CCS") shows that, on August 24, 2011, the court was scheduled to hold a hearing on Father's petition to modify custody at

---

[1] This order is not contained in the record but is referenced in the court's May 4, 2012 order.

[2] This filing is not contained in the record.

[3] A copy of the appearance form filed with the court is not contained in the record.

9:30 a.m., that Zappia requested a continuance because he had just entered his appearance in the case, and that the hearing was continued by agreement.

On January 10, 2012, the court entered an Order Rule to Show Cause and required Mother to appear for a show cause hearing on February 8, 2012. The CCS shows that a hearing was held on February 8, 2012, and that the court found Mother in contempt of court and sentenced her to thirty days in the St. Joseph County Jail until Mother posted a $1,000 bond as security for the exercise of Father's parenting time. According to the February 8, 2012 CCS entry, the court also scheduled a contested custody hearing for 9:00 a.m. on April 30, 2012. A February 10, 2012 CCS entry shows that Mother posted the required $1,000 bond.

On April 30, 2012, Mother's attorney Zappia filed a motion to withdraw his appearance.[4] Near the beginning of the scheduled hearing at 9:00 a.m. on April 30, 2012, the court asked Zappia to explain the circumstances of his motion to withdraw.[5] Zappia stated that he had explained to Mother that he could not continue to represent her unless she paid his fees, that Mother indicated that she could not pay Zappia's fees and asked him if he could obtain a continuance of the court date, that Zappia placed a phone call to Father's counsel who said that he was not agreeable to a continuance, and that Zappia did not file a request for a continuance and "truly did not think the court would grant one at this point in time and then we've attempted to e-mail her a motion or a consent to

---

[4] A CCS entry on April 30, 2012, states in part: "I am the attorney of record for [Mother]. There has been a breakdown in the attorney-client relationship. I advised my client of my intention to withdraw by letter. I also noticed [sic] my client that this Motion to Withdraw is set for a(n) Custody Hearing on 4/30/12 at 9:00 AM." Appellant's Appendix at 6.

[5] During this portion of the hearing regarding Zappia's motion to withdraw appearance, Mother appeared by phone. Mother stated that she was on her way to the court hearing and had been caught in traffic in Chicago.

3

withdraw." Transcript at 6. The court then granted Zappia's motion to withdraw and delayed the hearing for one hour in order to provide Mother time to arrive at the court.

At approximately 10:45 a.m., Mother was not yet present, and the court resumed the hearing. After some initial comments by the court and after Father's counsel began to give an opening statement, Mother arrived in the courtroom. The court recognized Mother's arrival, directed that she be given "a couple of legal pads and a pen," swore Mother in, and explained that Father's counsel was in the process of giving an opening statement and that if Mother chose she could take notes. Id. at 10. Father's counsel then presented an opening statement. The court then stated that Mother could provide the court with an opening statement. Mother asked if she could have some time to hire an attorney or if an attorney could be appointed for her. The court stated: "No, the court will not appoint a lawyer. The civil code of this state requires appointment after a person has made diligent effort and the like. You have had a private attorney and the attorney has withdrawn this morning. You were a party to that conversation. . . ." Id. at 14. The court proceeded with the hearing on Father's petition and then continued the hearing until 2:30 p.m. that day, when it heard evidence, and again heard evidence beginning at 1:30 p.m. on May 2, 2012.[6]

On May 4, 2012, the court entered an Order Determining Custody, Parenting Time and Related Matters, which in part ordered that Mother and Father would have physical custody of C.B. for alternating two-month intervals, established certain guidelines for the

---

[6] The record does not include a transcript of the portion of the hearing on Father's petition held at 2:30 p.m. on April 30, 2012, or on May 2, 2012.

4

transfer of C.B. between Mother and Father, and ordered Mother to pay $1,500 to Father's attorney.

Before addressing Mother's arguments, we note that Father did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). Questions of law are still reviewed *de novo*, however. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

Where a trial court enters findings of fact and conclusions of law, first we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment. In re Guardianship of Phillips, 926 N.E.2d 1103, 1106-1107 (Ind. Ct. App. 2010) (citing Leever v. Leever, 919 N.E.2d 118, 122 (Ind. Ct. App. 2009)). We will set aside the trial court's specific findings only if they are clearly erroneous, that is, when there are no facts or inferences drawn therefrom to support them. Julie C. v. Andrew C., 924 N.E.2d 1249, 1255-1256 (Ind. Ct. App. 2010). A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. Norris v. Pethe, 833 N.E.2d 1024, 1032-1033 (Ind. Ct. App. 2005). We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. Id. The specific findings

control only as to the issues they cover, and a general judgment standard applies to issues upon which the trial court made no findings. Phillips, 926 N.E.2d at 1107. We review questions of law *de novo* and owe no deference to the trial court's legal conclusions. Id.

The issue is whether the trial court abused its discretion in denying Mother's motion to continue and in granting her counsel's motion to withdraw appearance on the day set for hearing on Father's petition. The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court. Litherland v. McDonnell, 796 N.E.2d 1237, 1240 (Ind. Ct. App. 2003), trans. denied. We will reverse the trial court only for an abuse of that discretion. Id. "An abuse of discretion may be found on the denial of a motion for a continuance when the moving party has shown good cause for granting the motion." Rowlett v. Vanderburgh Cnty. Office of Family & Children, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), trans. denied; see Trial Rule 53.5. A trial court abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. Hess v. Hess, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997). If good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion. Id. No abuse of discretion will be found when the moving party has not shown that he was prejudiced by the denial. Litherland, 796 N.E.2d at 1240. The United States Supreme Court has addressed the issue of continuances by stating:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrawise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding

when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request was denied.

Ungar v. Sarafite, 376 U.S. 575, 589-590, 84 S. Ct. 841, 849-850 (1964) (citations omitted), reh'g denied.

Mother contends that, given the late hour and inadequate notice to which Zappia testified, the court abused its discretion in allowing him to withdraw and in failing to continue to the matter to allow her to seek an attorney. Mother argues that permitting her counsel's withdrawal was contrary to St. Joseph County Local Rules 204.2[7] and 204.3[8] and Ind. Trial Rule 3.1(H).[9] Mother requests a new hearing on Father's petition to modify custody after ensuring sufficient time for her to obtain counsel.

---

[7] St. Joseph County Local Rule 204.2 provides:

**Withdrawal of Appearance**. Unless authorized by the party in open Court or in writing or upon appearance of other counsel, an attorney will be permitted to withdraw his appearance for a party only after filing a Motion to Withdraw and setting the matter for hearing not fewer than fourteen (14) days from the date of filing. If a trial date has already been set, a motion to withdraw appearance must be filed at least thirty (30) days prior to that date unless the attorney has leave of the court to file in a shorter amount of time.

[8] St. Joseph County Local Rule 204.3 provides:

**Service of Notice to Withdraw**. The attorney must present to the Court adequate proof of notice to his client, as well as all other counsel and unrepresented litigants, of the intent to withdraw and of any impending pre-trial, hearing, or trial dates. The notice to his client shall be by postage prepaid, certified mail, return receipt requested and received or returned by the Postal Service undeliverable or refused addressed to the last known address of the client.

[9] Ind. Trial Rule 3.1(H) provides:

An attorney representing a party may file a motion to withdraw representation of the party upon a showing that the attorney has sent written notice of intent to withdraw to the party at least ten (10) days before filing a motion to withdraw representation, and either:

The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. Hess, 679 N.E.2d at 154 (citing Koors v. Great Southwest Fire Ins. Co., 530 N.E.2d 780, 783 (Ind. Ct. App. 1988), reh'g denied). "Under some circumstances, however, denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and [her] rights are likely to be prejudiced by the denial." Koors, 530 N.E.2d at 783 (citations omitted). "Further, among the things to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings." Hess, 679 N.E.2d at 154 (citing Homehealth, Inc. v. Heritage Mut. Ins. Co., 662 N.E.2d 195, 198 (Ind. Ct. App. 1996), trans. denied). We also consider whether the record demonstrates dilatory tactics on the part of the movant designed to delay coming to trial. See id. at 155. We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. Id. at 154.

The record reveals that Father filed his petition on July 26, 2011; that attorney Mario Zappia filed an appearance as Mother's counsel on August 22, 2011; that on

<br>

| (1) | the terms and conditions of the attorney's agreement with the party regarding the scope of the representation have been satisfied, or |
| --- | --- |
| (2) | withdrawal is required by Professional Conduct Rule 1.16(a), or is otherwise permitted by Professional Conduct Rule 1.16(b). |

An attorney filing a motion to withdraw from representation shall certify the last known address and telephone number of the party, subject to the confidentiality provisions of Sections (A)(8) and (D) above, and shall attach to the motion a copy of the notice of intent to withdraw that was sent to the party.

A motion for withdrawal of representation shall be granted by the court unless the court specifically finds that withdrawal is not reasonable or consistent with the efficient administration of justice.

February 8, 2012, the court scheduled a contested custody hearing for 9:00 a.m. on April 30, 2012; that Zappia filed a motion to withdraw his appearance on the morning of April 30, 2012, and stated to the court that he had advised Mother that he could not represent her unless he was paid his attorney fees and of his intention to withdraw and that he did not request a continuance because he did not think the court would grant the request; that the court granted Zappia's motion to withdraw appearance; that when Mother arrived to court she requested a continuance; and that the court denied the request and the hearing was held on April 30, 2012, and on May 2, 2012.

We conclude that Mother demonstrated good cause for a continuance of the hearing and that the court's granting of Zappia's motion to withdraw filed the morning of the hearing was contrary to its Local Rules and Ind. Trial Rule 3.1(H). Mother's verbal motion asserted that she needed time to hire counsel in that she was facing a modification of custody of C.B.[10] Following the hearing on Father's petition conducted on April 30 and May 2, 2012, the trial court ordered that custody of C.B. be modified and that Mother pay $1,500 to Father's attorney among other things. We conclude that a delay would not have prejudiced Father to an extent to justify denial of the continuance. We further observe that "a parent's interest in the care, custody, and control of his or her children is 'perhaps the oldest of the fundamental liberty interests.'" Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005) (quoting Troxel v. Granville, 530 U.S. 57, 65, 120 S. Ct. 2054 (2000)).

---

[10] We note that the transcript on appeal indicates that Mother did not request the appointment of counsel at public expense.

The court's thirteen page May 4, 2012 order includes numerous findings regarding the evidence presented with respect to the criteria in each subsection of Ind. Code § 31-14-13-2 and -2.3[11] as well as conclusions of law modifying child custody, establishing responsibility for the transportation of C.B., and ordering Mother to pay $1,500 to Father's attorney. The case required comprehension of the law with respect to the modification of custody as well as the rules of evidence and trial procedure.

In addition, the record shows that the trial court failed to ensure that Zappia complied with the time and notice requirements set forth in St. Joseph County Local Rules 204.2 and 204.3 and in Ind. Trial Rule 3.1(H) related to the withdrawal of an appearance by counsel. See Ind. Trial Rule 3.1(H) (providing in part that an attorney may file a motion to withdraw representation of the party "upon a showing that the attorney has sent written notice of intent to withdraw to the party at least ten (10) days before filing a motion to withdraw representation"); St. Joseph County Local Rule 204.2 (providing in part that "an attorney will be permitted to withdraw his appearance for a party only after filing a Motion to Withdraw and setting the matter for hearing not fewer than fourteen (14) days from the date of filing" and that "[i]f a trial date has already been set, a motion to withdraw appearance must be filed at least thirty (30) days prior to that date unless the attorney has leave of the court to file in a shorter amount of time"); St. Joseph County Local Rule 204.3 (providing in part that an attorney must present adequate proof of notice to his client of the intent to withdraw and that the notice "shall be by postage prepaid, certified mail, return receipt requested and received or returned . . . .").

---

[11] Ind. Code § 31-14-13-2 sets forth factors a court shall consider in determining custody following determination of paternity, and Ind. Code § 31-14-13-2.3 sets forth the factors a court shall consider in determining an award of joint legal custody following determination of paternity.

We find that the court abused its discretion in granting the motion to withdraw appearance by Mother's counsel.

Under the circumstances of this case, we conclude that Mother has established *prima facie* error in that the withdrawal of her attorney deprived her of counsel at a "critical stage in the proceedings" in a case involving at least some complexity and that Mother was prejudiced by the denial of her motion to continue. See Hess, 679 N.E.2d at 155. We cannot say that the record shows that prejudice to Father as the nonmoving party would have resulted from a reasonable postponement or delay of the hearing or trial on Father's petition, and conclude that the trial court abused its discretion in denying Mother's motion to continue. See Hess, 679 N.E.2d at 154-155 (holding that the trial court erred in denying an appellant's *pro se* motion for a continuance in a dissolution case where the appellant's attorney had withdrawn from the case only four days prior to trial and the appellant had been unable to obtain another attorney); Koors, 530 N.E.2d at 783 (noting that a summary judgment hearing had already been continued six times, but nevertheless finding that "[w]hile the trial court understandably may have been vexed by the numerous continuances of the hearing, the result of the denial of [the] motion for a continuance [three days prior to the hearing] was to deprive [appellant] of representation at a crucial stage of the proceedings"); Homehealth, Inc., 662 N.E.2d at 199 (holding that the trial court abused its discretion in denying appellant's motion for continuance and noting that the record contained no evidence that significant prejudice to the appellees would have resulted had the appellants' continuance been granted and that the appellants did not conclusively have knowledge that substitute counsel was necessary "until only a

11

few weeks before trial"); Cf. Riggin v. Rea Riggin & Sons, Inc., 738 N.E.2d 292, 311 (Ind. Ct. App. 2000) (affirming the denial of a motion for continuance where over five months elapsed from the time the movant's attorney withdrew to time of the trial).

For the foregoing reasons, we reverse the trial court's denial of Mother's motion to continue and remand for a new hearing.

Reversed and remanded.

KIRSCH, J., and NAJAM, J., concur.