## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 8:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julianne L. Fox
Evansville, Indiana

ATTORNEY FOR APPELLEE

Kelly A. Lonnberg
Bamberger, Foreman, Oswald and Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Matter of the Adoption of J.R.,

B.R.,

*Appellant-Respondent,*

v.

R.S.,

*Appellee-Petitioner.*

July 31, 2017

Court of Appeals Case No. 82A01-1702-AD-321

Appeal from the Vanderburgh Superior Court

The Honorable Renee Allen Ferguson, Magistrate

Trial Court Cause No. 82D04-1605-AD-68

**Robb, Judge.**

# Case Summary and Issues

[1] B.R. ("Father") appeals the trial court's order granting R.S.'s ("Maternal Grandmother") petition to adopt J.R. ("Child"), raising three issues for our review, which we consolidate and restate as: 1) whether the trial court abused its discretion in denying Father's motion for continuance, and 2) whether the trial court erred in concluding Father's consent to adoption was not required. Concluding the trial court did not abuse its discretion in denying Father's motion nor did it err in concluding Father's consent was not required, we affirm.

# Facts and Procedural History

[2] Father and M.M. ("Mother") ended their relationship shortly after Child's birth in 2011 and Father received supervised parenting time. Over the next few years, Father's participation in Child's life was sporadic. He often failed to make child support payments and did not interact with Child during his parenting time. In addition, Father was addicted to drugs, committed numerous criminal acts, including smacking Mother in the face and violating a protective order Mother had put in place, and spent time in jail.

[3] In April 2015, Father was charged with several drug-related offenses and was jailed. In the same month, Father called Mother on one occasion to speak with Child, but Mother did not allow Father to speak with Child because she did not

feel comfortable doing so. Father has remained incarcerated since April 2015 and did not contact Mother, Maternal Grandmother, or Child until May 2016.

[4] On May 10, 2016, Maternal Grandmother filed a petition to adopt Child. Mother consented to the adoption, and Mother and Maternal Grandmother expressed an intent to co-parent Child. The petition alleged Father's consent to the adoption was not required. At a hearing on the petition in January 2017, Father, appearing telephonically, intended to have his grandparents testify on his behalf. After Maternal Grandmother and Father presented their evidence, Father learned his grandparents were not present and moved to continue the hearing to allow his grandparents to testify later. The trial court denied the continuance.

[5] Following the hearing, the trial court entered an order granting Maternal Grandmother's petition, explaining Father's consent was not required:

> Father is unfit and it is in the best interests of the child to dispense with his consent pursuant to Indiana Code 31-19-9-8(a)(11), that the Father has abandoned the Child by failing to make more than token efforts to support or communicate with the Child for at least six months pursuant to Indiana Code 31-19-9-8(a)(1) in the six months immediately preceding the filing of the adoption petition, and also that the father has failed to financially support and significant[ly] maintain contact with the Child while the child was in the custody of another person for a period of at least one year pursuant to Indiana Code 31-19-9-8(a)(2).

Appellant's Appendix, Volume II at 3.  This appeal ensued.  Additional facts will be added as necessary.

# Discussion and Decision

## I.  Motion for Continuance

Father contends the trial court abused its discretion in denying his motion for continuance.  However, Father fails to cite to any statutory authority or case law, or any portions of the record supporting his claim.  His argument is therefore waived for failure to present a cogent argument.  Ind. Appellate Rule 46(A)(8).  Waiver notwithstanding, Father knew of the adoption proceedings for nearly seven months prior to the hearing and the record reveals Father was in contact with his grandparents in the interim despite his incarceration.  Therefore, Father had a full opportunity to ensure his grandparents' presence at the hearing.  Father has not shown good cause for granting his motion for continuance.  *See F.M. v. N.B.*, 979 N.E.2d 1036, 1039 (Ind. Ct. App. 2012) (noting a trial court abuses its discretion in denying a motion for continuance when the moving party demonstrates good cause for granting the motion).

## II.  Consent to Adoption

Father also contends the trial court erred in concluding his consent was not required.  We disagree.

When reviewing a trial court's ruling in adoption proceedings, we will not disturb the ruling unless the evidence leads to but one conclusion and the trial

court reached an opposite conclusion. *Rust v. Lawson*, 714 N.E.2d 769, 771 (Ind. Ct. App. 1999), *trans. denied*. We presume the trial court's decision is correct and consider the evidence in the light most favorable to the decision. *Id.* at 771-72. We will not reweigh the evidence. *E.W. v. J.W.*, 20 N.E.3d 889, 894 (Ind. Ct. App. 2014), *trans. denied*. In addition, where, as here, a trial court makes findings of fact and conclusions thereon, we apply a two-tiered standard of review: first, we determine whether the evidence in the record supports the findings, and second, whether the findings support the judgment. *In re Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006).

[9] Indiana Code section 31-19-9-8(a) provides consent to adoption is not required from any of the following:

> (1) A parent or parents if the child is adjudged to have been abandoned or deserted for at least six (6) months immediately preceding the date of the filing of the petition for adoption.
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.
> * * *
> (11) A parent if:
>> (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and
>> (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

This statute is written in the disjunctive, and as such, each provision provides independent grounds for dispensing with parental consent. *In re Adoption of T.W.*, 859 N.E.2d at 1218. The party petitioning for adoption must prove by clear and convincing evidence the parent's consent to adoption is not required. *Id.* at 1217. The trial court concluded Maternal Grandmother met her burden in proving Father's consent was not required pursuant to all four provisions noted above. On appeal, Father challenges each conclusion, but because the statute is written in the disjunctive, we need only address one provision.

[10] Father contends the evidence is insufficient to support the trial court's conclusion that he failed without justifiable cause to significantly communicate with Child for a period of one year when able to do so pursuant to subsection (a)(2)(A). Specifically, he cites only to Mother's testimony where she admitted thwarting Father's attempt to contact Child when Father was in jail in April 2015 and appears to argue he was therefore unable to contact Child. Father is correct in asserting that a custodian's efforts "to hamper or thwart communication between parent and child are relevant in determining the ability to communicate." *Id.* at 1218. However, it is necessary to emphasize that evidence showing a custodian hampered or thwarted communications is merely "relevant" to the determination, not dispositive of the issue. *See id.* Therefore, Father's argument invites this court to reweigh the evidence, which we will not do. *E.W.*, 20 N.E.3d at 894. The record establishes Father did not communicate in *any* manner with Child between April 2015 and May 2016 despite being able to do so. Although Father was incarcerated during this

period, Father had the ability to contact Child, but did not even *attempt* to contact Child after the initial phone call in April 2015. Even assuming Father did try to contact Child by phone and failed, not once did Father attempt another method. In fact, Father sent at least thirty letters while incarcerated and not one letter was sent to Child.[1] The evidence is sufficient to support the finding Father failed without justifiable cause to communicate significantly with Child for a period of one year despite being able to do so and therefore the trial court did not err in concluding Father's consent to adoption was not required.

# Conclusion

The trial court did not abuse its discretion in denying Father's motion for continuance nor did it err in concluding Father's consent to the adoption was not required. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[1] Father testified at the hearing he was unable to contact Child in jail while awaiting his trial in the spring and summer of 2015 because Mother blocked the jail's phone number. However, even assuming the trial court found this testimony to be credible, there is nothing in the record showing Father attempted to contact Child by mail, nor did he attempt to contact Child by phone or mail once incarcerated in the Department of Correction following his trial. Father also testified he could not contact Child by mail because he could not remember Mother's address, and when he did regain his memory, he did not have sufficient funds for postage. Father did not submit any evidence to corroborate his testimony, and it is clear from the record the trial court did not find Father's testimony to be credible. *See* Tr., Vol. I at 149 ("Court doesn't believe that that is a convincing argument and believes that the father did have a way to force communication with the child at least through the U.S. mail.").