## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 28 2018, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Nissa M. Ricafort
Broyles Kight & Ricafort, PC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jorge Arredondo, <br> *Appellant-Respondent,* <br><br> v. <br><br> Holly Arredondo, <br> *Appellee-Petitioner.* | November 28, 2018 <br><br> Court of Appeals Case No. 18A-DR-1239 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable John Hanley, Judge <br><br> The Honorable Christopher B. Haile, Magistrate <br><br> Trial Court Cause No. 49D11-1611-DR-41110 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Jorge Arredondo (Jorge), appeals the trial court's Decree of Dissolution of Marriage to Appellee-Petitioner, Holly Arredondo (Holly).

We affirm.

# ISSUE

Jorge presents us with one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied Jorge's request to continue the final hearing after his counsel withdrew.

# FACTS AND PROCEDURAL HISTORY

Jorge and Holly were married on July 5, 2014 and legally separated on November 18, 2016. During the marriage, one child, L.A., was born on September 23, 2015. Prior to the final hearing on February 14, 2018, the parties participated in two contested hearings regarding child custody, parenting time, and child support. Each time, both parties were represented by counsel and presented evidence and witnesses on the contested issues. At the start of the final hearing, Jorge requested a continuance in order to obtain new counsel and noted that his counsel had just withdrawn her appearance the day prior to the hearing. Holly's counsel objected to Jorge's request for a continuance, noting that the cause had been pending since November 2016, that Jorge had employed three different attorneys during this pendency, that Jorge had sought and been granted several continuances of prior hearing dates, and had failed to

participate in mediation on five different occasions despite the trial court's order to participate. The trial court denied Jorge's request and proceeded to the final hearing.

[5] On February 28, 2018, the trial court issued its Decree of Dissolution of Marriage, and concluded in pertinent part:

> 5. It is in the best interests of the child that [Holly] have sole custody of [L.A.]
> 6. [Jorge] shall have unsupervised parenting time as outlined in Section II C 3C – Parenting Time age 19 months through 36 months – of the Indiana Parenting Time Guidelines with the following modification for work schedules.
>
> * * * *
>
> 11. The parties are not able to communicate and there is a history of conflict between them since this action was initiated.
> 12. The [c]ourt finds that a Parenting Time Coordinator would assist the parties regarding parenting of [L.A.] and the [c]ourt grants the Petition requesting one previously filed by [Holly] and taken under advisement by the [c]ourt.
>
> * * * *
>
> 15. The [c]ourt finds that Petitioner's Exhibit 5 – Child Support Worksheet – is supported by the evidence in the record.
> 16. [Jorge] shall pay $128.00 per week child support through the state support agency.
> 17. [Jorge] shall pay an additional $10.00 per week on his child support arrearage of $3,121.00.
>
> * * * *

23. [Jorge] shall have the marital residence located at 1533 W. 75th Place, Indianapolis, IN 46260 and be responsible for all obligations on the property including utilities, insurance, and taxes.

* * * *

25. The presumption of an equal division of the marital estate has been rebutted in this case by the short duration of the marriage, the contribution of each spouse to the acquisition of property, and the extent to which the property was acquired by each spouse before marriage.

26. The [c]ourt finds that the real property was acquired by the parties for $89,500.00 using [Jorge's] sole funds and therefore that amount of the value of the property should be set aside to him and not divided by the parties.

27. The [c]ourt finds that Emigrant Direct and Edward Jones funds were owned by Jorge prior to the marriage and should be set off to him and not subject to division between the parties.

28. The [c]ourt finds that the Ascension Retirement should be set off to [Holly] and not subject to division between the parties.

29. The [c]ourt finds that the balance of the marital estate should be divided equally and the [Jorge] shall pay [Holly] the sum of $52,550.05 within sixty days to equalize it.

* * * *

34. [Jorge] has delayed these proceedings; not complied with court orders; and refused to participate in mediation as ordered.

35. The [c]ourt orders [Jorge] to pay $5000.00 attorney fees to [Holly's counsel] within sixty days.

(Appellant's App. Vol. IV, pp. 38-39, 41-42). On March 28, 2018, Jorge filed a motion to correct error, which the trial court denied on April 10, 2018.

[6] Jorge now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[7] While not contesting the trial court's findings and conclusions in its Decree of Dissolution, Jorge focuses on the trial court's denial of his motion for continuance. He maintains that the trial court abused its discretion by denying his motion for continuance on the morning of the final hearing and asserts that he was prejudiced by this decision.

[8] We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Old Utica School Preservation, Inc. v. Utica Twp.*, 7 N.E. 3d 327, 330 (Ind. Ct. App. 2014), *trans. denied*. An abuse of discretion occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it or the reasonable inferences therefrom. *Id.* Accordingly, a trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. *Williamson v. Williamson*, 825 N.E.3d 33, 44 (Ind. Ct. App. 2005). Similarly, the decision to grant or deny a continuance is within the sound discretion of the trial court. *Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997).

[9] Indiana Trial Rule 53.5 states: "Upon motion, trial may be postponed or continued at the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." When considering a motion for continuance, the moving party must be free from fault and show that his rights are likely to be prejudiced by the denial. *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind. Ct. App. 2000), *trans. denied*. "A denial of a motion for

continuance is [considered to be an] abuse of discretion only if the movant demonstrates good cause for granting it." *Blackford v. Boone Co. Area Plan Com'n*, 43 N.E.3d 655, 664 (Ind. Ct. App. 2015). "However, no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial." *Id.* There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. *Id.* The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial court at the time the request was denied. *Id.*

[10] On the morning of trial, Jorge moved for a continuance because his counsel had filed an emergency motion to withdraw from his case the previous day. Prior to filing the emergency motion, Jorge's counsel had sent Jorge an email ten days' prior providing in pertinent part:

> Jorge,
>
> I am required to give you 10-days' notice before withdrawing on your case should your account not be paid in time. The total amount still needs to be paid by Monday. If you have questions regarding your account, please give me a call Monday morning to discuss. The following language is required by statute and will be provided to the [c]ourt along with my motion to withdraw. Again, I don't plan on withdrawing; I am providing this just in case.

(Appellant's App. Vol. IV, p. 20). Jorge presented evidence that he paid his delinquent account in full on February 5, 2018, prior to Jorge's counsel seeking emergency leave to withdraw.

[11] While it could be argued that counsel did not give the 10-day required notice to her client, it has been established that "[t]he unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance." *F.M. v. N.B.*, 979 N.E.2d 1036, 1040 (Ind. Ct. App. 2012). "Under some circumstances, however, denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial." *Id.* (citing *Koors v. Great Southwest Fire Ins. Co.*, 530 N.E.2d 780, 783 (Ind. Ct. App. 1988), *reh'g denied*). Among the items to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings. *F.M.*, 979 N.E.2d at 1040. We also consider whether the record demonstrates dilatory tactics on the part of the movant designed to delay coming to trial. *Id.* at 1041. Additionally, we must consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. *Id.*

[12] Under the particular circumstances of this case, we cannot conclude that Jorge carried his burden in establishing prejudice by the trial court's decision to deny his motion. At the time of the final hearing, the cause had been pending for several months. During the course of the proceedings, Jorge had been represented by three different attorneys and several continuances had been

granted—including two continuances of the final hearing. Two contested hearings regarding child custody, parenting time, and child support had already been conducted and each time, the parties had been represented by counsel and had submitted evidence to the trial court. Jorge had failed to participate in mediation efforts leading up to the final hearing, despite the trial court's order.

[13] Even though the final hearing is a crucial stage of the proceedings, where Jorge was unrepresented, Jorge was nevertheless able to adequately present his case, cross-examine witnesses, and submit exhibits. While the trial court adopted Holly's values for the marital residence and personal property, the trial court rejected Holly's request for an equal division of the marital estate and instead found that Jorge had rebutted this presumption. Deviating, the trial court awarded each party the assets they had brought into the marriage and equally divided the remaining assets, with Jorge being ordered to pay an equalizing payment to Holly in an amount significantly less than Holly had requested. Furthermore, Jorge had presented evidence and witnesses on child custody, child support, and parenting time during the provisional hearing on April 11, 2017, and the modification hearing on January 10, 2018. During the final hearing, Jorge also presented evidence on his income, which resulted in a decrease of his weekly child support obligation. Moreover, in a finding uncontested by Jorge, the trial court concluded that Jorge's actions had "delayed these proceedings; [he had] not complied with court orders; and [had] refused to participate in mediation as ordered." (Appellant's App. Vol. IV, p. 42).

In sum, and based on the specific circumstances before us, we conclude that the withdrawal of Jorge's counsel at a critical stage in the proceedings did not prejudice him. Accordingly, the trial court did not abuse its discretion by denying his motion to continue.

# CONCLUSION

Based on the foregoing, we hold that the trial court did not abuse its discretion by denying Jorge's motion to continue after his counsel withdrew on the day prior to the final hearing.

Affirmed.

Vaidik, C. J. and Kirsch, J. concur