



FILED

May 02 2024, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Kristin R. Roush,

*Appellant-Respondent*

v.

Ryan E. Roush,

*Appellee-Petitioner*

---

May 2, 2024

Court of Appeals Case No.
23A-DC-2290

Appeal from the Elkhart Superior Court

The Honorable David C. Bonfiglio, Judge

Trial Court Cause No.
20D06-1709-DC-681

---

**Opinion by Judge Mathias**
Judges Tavitas and Weissmann concur.

**Mathias, Judge.**

[1] Kristin Roush ("Mother") appeals the Elkhart Superior Court's order finding her in contempt and imposing sanctions on her, including incarceration. Mother presents several issues for our review, but we address a single dispositive issue, namely, whether the trial court abused its discretion when it granted Mother's attorney's motion to withdraw in violation of Trial Rule 3.1(H).

[2] We reverse and remand for further proceedings.

## Facts and Procedural History

[3] Mother and Ryan Roush ("Father") (collectively, "Parents") were married and have three children together who have, as of October 2023, all reached the age of majority. Following the dissolution of Parents' marriage in 2019, Mother and Father have been unable to find a way to co-parent harmoniously. In fact, Father has filed several motions for rule to show cause against Mother, who has consistently violated court orders. The trial court has found Mother in contempt on multiple occasions, resulting in two periods of incarceration.

[4] In October 2022, the trial court ordered Mother to engage in individual therapy with a specific therapist. Mother attended four sessions with the therapist, but, after she moved out of state, Mother moved the trial court for permission to work with a different therapist, either virtually with a therapist located in Indiana, or in-person in her new home state. The trial court denied Mother's motion.

On September 18, 2023, the trial court held an evidentiary hearing on several issues then pending, including child support and Father's motion for rule to show cause. Mother, who had had ample notice of the hearing, contacted her attorney early that morning to tell her that she would be unable to attend the hearing. At the beginning of the hearing, the following colloquy ensued:

> [Mother's counsel]: Thank you, Your Honor. This morning, at 6:33, I received an E-mail from my client stating that she would not be here today. That she was in Oklahoma. That she has a hearing tomorrow morning. That she says that she cannot be in two places at once. This was a shock to me, as I prepared for today. And, at -- at this time, I think I need to move to withdraw.
>
> THE COURT: Okay. Any other comments from anyone else . . . .
>
> * * *
>
> [Father's counsel]: Judge, the only record we would make is we would object to any continuance. [Mother] was very clear that today was set for an all day Evidentiary Hearing. We believe she even acknowledged that through a Motion a Continue. There's some form of Protective Order in Oklahoma that has a hearing scheduled for tomorrow per her Motion. We are hoping that [Father] is not part of that. But, regardless, we would object to a continuance. I have no objection to [Mother's counsel] withdrawing, given what appears to be non-compliance. So, it would her breakdown of the attorney, client relationship.
>
> THE COURT: [GAL], did you want to be heard?
>
> GUARDIAN AD LITEM: No, Your Honor, I don't believe I -- I -- Well, yes. Yes, I do.

THE COURT: Okay.

* * *

GUARDIAN AD LITEM: Since this has been going on for some so long, and this, to me, appears to be a blatant violation of what this Court's Order truly was. I think you denied her Motion to Appear -- we've had this problem in the past. And I -- I -- I do believe that it's important for this to be resolved today, whether she's here or not. So, that's the only position I have on it. Thank you.

THE COURT: Any --

MR. GULLOTTA: We would concur with that, Your Honor, to move forward with evidence, as well.

THE COURT: Sure. There is a long history of issues in the case and noncompliance with Court Orders; I certainly don't fault Counsel for Mother in any way. I think that Counsel has attempted and her very best to get compliance -- helping the Mother understand the Court's Orders as well as the Court's requirements. And I think that Counsel has fulfilled all of her obligations from my observations, certainly to -- to Mother. But, she has clearly not appeared today, refused to cooperate. She was ordered to appear today, because it -- it is a Rule to Show Cause Hearing. It wasn't simply just an Evidentiary Hearing Order. In a civil case, you can not appear and be defaulted. But, she was specifically ordered to appear, because it was a Rule to Show Cause that is pending before the Court; and I did specifically order her to appear in-person for these proceedings. And based upon Counsel's Oral Motion to Withdraw for lack of cooperation from her client, I'll grant that request.

Tr. pp. 4-7.

[6] In Mother's absence, Father's counsel presented evidence, including testimony and exhibits. At the end of the hearing, the trial court issued findings and conclusions. In relevant part, the trial court found that Mother had violated court orders in several ways, including engaging in direct contact with one of the parties' then-minor children in violation of the order that Mother have only supervised visitation with the minor children. The court imposed the following sanctions on Mother: incarceration at the Elkhart County Correctional Facility for 180 days without the possibility of good time credit; paying Father's attorney's fees in the amount of $8,876.70; and a fine of $1,000 per day retroactive to March 29, 2023, until she shows compliance with the order to see the court-appointed therapist.[1] This appeal ensued.

## Discussion and Decision

[7] Trial Rule 3.1(H) provides as follows:

> Withdrawal of Representation. An attorney representing a party may file a motion to withdraw representation of the party *upon a showing that the attorney has sent written notice of intent to withdraw to the party at least ten (10) days before filing a motion to withdraw representation*, and either:
>
> (1) the terms and conditions of the attorney's agreement with the party regarding the scope of the representation have been satisfied, or

---

[1] We note that Mother, who lives in Oklahoma, attempted to arrange virtual visits with the therapist, who is located in Indiana, but the therapist does not do virtual visits. While we are certain that the trial court has good reason for ordering Mother to see the designated therapist, given the distance between Indiana and Oklahoma, that requirement would impose an unreasonable burden on Mother.

(2) withdrawal is required by Professional Conduct Rule 1.16(a), or is otherwise permitted by Professional Conduct Rule 1.16(b).

An attorney filing a motion to withdraw from representation shall certify the last known address and telephone number of the party, subject to the confidentiality provisions of Sections (A)(8) and (D) above, and shall attach to the motion a copy of the notice of intent to withdraw that was sent to the party.

A motion for withdrawal of representation shall be granted by the court unless the court specifically finds that withdrawal is not reasonable or consistent with the efficient administration of justice.

(Emphasis added).

[8]     Here, Mother contends that the trial court erred when it granted her attorney's motion to withdraw despite her attorney's failure to comply with the ten-day notice requirement under Trial Rule 3.1(H). We review the trial court's grant of the motion under an abuse of discretion standard.

[9]     It is undisputed that Mother's attorney did not provide any notice to Mother of her intent to withdraw her representation prior to September 18, 2023. Mother points out that the court's grant of the motion to withdraw "left Mother unrepresented at a hearing that resulted in an order for her incarceration and payment of thousands of dollars in fines and fees." Appellant's Br. at 22.

[10]    In *F.M. v. N.B.*, 979 N.E.2d 1036, 1042 (Ind. Ct. App. 2012), we considered whether the trial court had abused its discretion when it granted an attorney's motion to withdraw his representation of a mother on the day of a scheduled

hearing on a petition to modify custody of the parties' children. The trial court "failed to ensure that [the attorney] had complied with the time and notice requirements" in local rules and Trial Rule 3.1(H). *Id.* at 1041. Thus, we held that the mother had established "*prima facie* error in that the withdrawal of her attorney deprived her of counsel at a 'critical stage in the proceeding[s]' in a case involving at least some complexity and that [m]other was prejudiced by the denial of her motion to continue." *Id.* at 1042.

[11] Likewise here, the September 18 hearing was a critical stage in the proceedings, as Mother risked incarceration and significant financial penalties. While there is no question that Mother had notice of the hearing and failed to appear,[2] her attorney was in court and could have, at least, cross-examined Father's witnesses and made argument on Mother's behalf. The prejudice to Mother by the court's grant of the attorney's last-minute motion to withdraw is clear. In contrast, there would have been no prejudice to Father had the trial court continued the hearing by ten days to give Mother the required notice of her attorney's intent to withdraw.

[12] For all these reasons, we hold that the trial court abused its discretion when it granted Mother's attorney's motion to withdraw and held the evidentiary hearing without her, and we reverse the trial court's judgment on the motions it

---

[2] We reject Father's contention that Mother invited any error and waived her right to counsel by her failure to appear. Nothing in our case law supports those arguments.

heard at that hearing. On remand, the trial court shall hold a new hearing on the motions that were pending at the time of the September 18 hearing.

[13] Reversed and remanded for further proceedings.

Tavitas, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Leonard J. Gullotta, II
Walker and Gullotta Law Office
Elkhart, Indiana